SCANNED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES STEPHON WILLIAMS,        :
               Petitioner   C.A. No. 04-67E
                            :
     v.                          : CASE ASSIGNED TO:
                            : HON. MAURICE B. COHILL, JR.,
EDWARD J. KLEM, et.al.,          : SENIOR U.S. DISTRICT JUDGE
               Respondents  :

## MOTION TO ALTER JUDGMENT

The Petitioner, Charles Stephon Williams ("Petitioner") acting pro se, unskilled in the arts and sciences of law respectfully moves this Court for Motion to Alter Judgment pursuant to Fed.R. Civ.P. 59(e), and in support avers the following:

1. On December 22, 2005, Petitioner receive via postal mail this Court's order adopting Chief Magistrate Judge Baxter's report and recommendation.

2. Pursuant to the United States Supreme Court decision in Houston v. Lack, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245, 251-52 (1988), this instant pleading is considered filed of the date the Petitioner delivers it to the prison authorities for mailing.

3. Petitioner avers that this District Court may have inadvertently overlooked the following constitutional claim presented in petition for writ of habeas corpus:

    A. All state courts committed a violation of the Fourteenth Amendment of the United States Constitution in denying Petitioner motion to withdraw his guilty pleas **prior to sentencing with no substantial prejudice to the government** and Petitioner asserted his innocence.

See Document 1, Petition for Writ of Habeas Corpus back of page 7.

## GUILTY PLEAS/ LEGAL ANAYLSIS

Because a guilty plea waives the constiutional right to a jury trial, the right to confront accusers, and the right against self-incrimination, it must be a "knowing, intelligent act," that is " the voluntary expression of (the defendant's) own choice." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970). Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969). Thus, a guilty plea is void if induced by threats which strip it of a voluntary nature. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 511, 7 L.Ed.2d 473 (1972). In Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), a defendant in a state case was required to complete a printed form used by the trial court in connection with guilty pleas. One of the questions asked whether the defendant understood he could be imprisoned for a minimum of ten years to life. The defendant wrote "yes" in response. The other pertinent inquiry was whether "the solicitor, or your lawyer, or any policeman, law officer or anyone else made any promises or threat to you to influence you to plead guilty." Id. at 66, 97 S.Ct. at 1625. The defendant answered "No".

After being sentenced to seventeen to twenty-one years in prison, the defendant filed a petition in federal court alleging that before he entered his plea, his attorney had led him to believe that as a result of an agreement with the solicitor and the judge the sentence would be no more than ten years. The defendant also asserted that he had been instructed to answer the

questions on the court's form as he had done. The United States Supreme Court held that Allsion's habeas corpus petition should not have been dismissed simply because of his answers to the questions at the plea proceeding. The United States Supreme Court commented that " the barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmontable." Id. at 74, 97 S.Ct. at 1629. Consequently, "the federal courts cannot fairly adopt a per se ruling excluding all possibilty that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." Id. at 75, 97 S.Ct. 1629-30.

The Allison opinion cited Fontaine v. United States, 411 U.S 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), which held that in a collateral proceeding a prisoner may not ordinarily repudiate statements made to the sentencing judge. However, the United States Supreme Court observed that no procedural device for taking guilty pleas is so perfect as to justify a per se rule making it "uniformly invulnerable to subsequent challenge." Id. at 215, 93 S.Ct. at 1462.

In Pennsylvania, the Pennsylvania Supreme Court established the standard for withdrawal of a guilty plea prior to sentencing in the seminal case Commonwealth v. Forbes, 450 Pa. 185, 299 A.2d 268 (1973), and more recently reaffirmed it in Commonwealth v. Randolph, 553 Pa. 224, 718 A.2d 1242 (1998). "'[A]lthough there is no absolute right to withdraw a guilty plea,'" the standard

for withdrawal prior to sentencing is liberal one. <u>Randolph</u>, 718 A.2d at 1244 (quoting <u>Forbes</u>, 450 Pa. at 190-91, 299 A.2d at 271).

> [I]n determining whether to grant a **pre-sentence** motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." If the trial court finds "**any fair and just reason**," withdrawal of the plea before sentencing should be freely permitted, unless the prosecution has been "substantially prejudiced."

In <u>Randolph</u>, the appellant in that case originally pled guilty to fifteen charges. 553 Pa. at 225, 718 A.2d at 1242. Upon moving to withdraw his plea, "appellant admitted that he was not innocent of all the crimes charged, but he stated that out of the 13 burglary charges, he had done only four or five of them." Id. at 227, 718 A.2d at 1244. In vacating the Superior Court's order affirming the trial court's denial of the motion to with-draw guilty plea, the <u>Randolph</u> Court expressly rejected any requirement that a defendant must claim complete innocence of all charges in order to withdraw a plea, denouncing such a rationale as "spurious." Id. at 230, 718 A.2d at 1244-45.

See <u>Blackledge v. Allison</u>, Supreme Court held Allison's habeas corpus petition should not have been dismissed simply be-cause of his answers to the question at the proceeding. The United States Supreme commented that " **the barrier of the plea or sentencing proceeding record, although imposing, is not in-variably insurmontable**." Id. at 74, 97 S.Ct. at 1629. Ignorance. imcomprehension, coercion, terror, inducement, subtle, or blatant threats might be a perfect cover-up of unconstitu-tionality. See <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969). See generally <u>Heiser v. Ryan</u>,

951 F.2d 559 (3rd Cir. 1991)("If defendant can show "fair and just" reason to withdraw guilty plea, withdrawal is proper and refusal to allow withdrawal denies defendant of due process, unless prosecution can show that it is substantially prejudiced by allowing withdrawal. U.S.C.A. Const.Amend. 14".). Cf. <u>United States ex rel. Culbreath v. Rundle</u>, 466 F.2d 730 (1972)("Under Pennsylvania and federal law, there is no absolute right to withdraw guilty plea, and trial judge has discretion to refuse request request to retract such a plea; however, request made before sentencing is generally construed liberally in favor of accused.").

WHEREFORE, Petitioner respectfully request this District Court to grant this Motion to Alter Judgment and re-open this case based on the legal analysis of the United States and Pennsylvania Courts.

Respectfully submitted,

*[signature]*

Charles Stephon Williams
DB-4017 F/B
301 Morea Road
Frackville, Pennsylvania
17932-0001

DATE: __DEC__, __28__, 2005

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES STEPHONE WILLIAMS, | No. 1666 Pittsburgh, 1996 |
| Appellant | |

Appeal from the Judgment of Sentence of the Court of
Common Pleas, Erie County, Criminal Division,
at No. 251 of 1996.

BEFORE: TAMILIA, KELLY, and BROSKY, JJ.

DISSENTING MEMORANDUM BY BROSKY, J.

I dissent. On June 10, 1996, appellant pled guilty to charges of aggravated assault, aggravated indecent assault and endangering the welfare of children. Three days later, prior to the imposition of sentence, appellant sought to withdraw his guilty plea and asserted his innocence of the charges he had pled guilty to. The trial court denied this motion and sentenced appellant to the maximum term of imprisonment allowed by law. Because I believe the court erred in denying appellant's petition to withdraw guilty plea, I would vacate the judgment of sentence and remand for trial.

The within case is, without a doubt, one of the most repulsive cases we have had the unfortunate obligation to review. Assuming that appellant did, in fact, commit the brutal assault on the helpless infant in the present case, as he admitted to in open court, it is easy to see why there would be a

J. A31035/97

substantial reluctance on the part of the trial court to allow appellant the opportunity to withdraw his guilty plea thereby creating the possibility, however remote, that he might escape punishment for his unforgivable acts while costing honest taxpayers a considerable amount of money to try him to prove that which he has already admitted to. However, there is one reason in particular why appellant should have been allowed the opportunity to withdraw his guilty plea and elect a trial before a jury; the well settled law of this Commonwealth allows a defendant to withdraw his/her guilty plea, prior to sentencing, for simply asserting his/her innocence.

At this point in time the caselaw regarding withdrawal of a guilty plea prior to sentencing is rather clear, if not somewhat controversial and disliked. A motion for withdrawal of guilty plea made before sentence is imposed should be liberally granted for any "fair and just reason," and denied only if the Commonwealth will be substantially prejudiced thereby. *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973). Since *Forbes*, an assertion of innocence has routinely been regarded as a "fair and just reason" to permit withdrawal. I am aware that the *Forbes* rule has been criticized and fallen out of the favor of many. Nevertheless, it is still the controlling rule of law until our Supreme Court repudiates it or modifies its application, and there is no indication that it is less applicable to cases involving the most heinous of crimes than it is to more benign affronts against our citizenry.

Despite the rather clear dictates of *Forbes* the trial court denied appellant's motion to withdraw finding the present case analogous to

J. A31035/97

*Commonwealth v. Iseley*, 419 Pa. Super. 364, 615 A.2d 408 (1992), (in which we upheld a trial court's denial of a motion to withdraw), and finding that the granting of the motion would prejudice the Commonwealth in other respects as well. I cannot agree with the trial court that *Iseley* controls the present case or that the prejudice inuring to the Commonwealth as a result of granting the motion justifies its denial.

In *Commonwealth v. Iseley*, a defendant entered a guilty plea only to successfully withdraw it, as *Forbes* commands, based upon an assertion of innocence. Accordingly, a trial was scheduled. As the scheduled trial approached appellant again changed his mind about going through a trial and sought to enter a plea of guilty and forego a trial. After a thorough colloquy the appellant's guilty plea was accepted. However, prior to sentencing the appellant again changed his mind and sought to withdraw his guilty plea and elect a trial. This time the court refused. Upon appeal we affirmed holding that the *Forbes* rule does not extend to a second or subsequent motion to withdraw guilty plea. However, in so doing we acknowledged that "the continuing precedential effect of the *Forbes* decision is irrefutable." 419 Pa. Super. at ___, 615 A.2d at 413.

The trial court in the present case found the facts here similar to those of *Iseley* in that appellant had gone through two colloquies, the first when the court refused to accept appellant's no contest plea and the second which resulted in the entry of the guilty plea. However, this was essentially one continuous proceeding that resulted in the entry of a single guilty plea. Appellant here was never permitted to withdraw his guilty plea, thus the

J. A31035/97

actual holding of *Iseley*, which hinges upon a second attempt to withdraw, not upon the number of colloquies conducted, does not apply and, ostensibly, *Forbes* still controls.

Regardless of whether one deems it wise or not, the net effect of the *Forbes* rule construed in conjunction with *Iseley* is that, except in rare cases, a defendant is given the grace of withdrawing a guilty plea once merely by asserting his/her innocence. However, the same grace does not extend to a second petition to withdraw. Appellant sought to exercise that judicial grace a mere three days after entry of what could be construed as an ambivalent guilty plea. Adherence to the principles of *Forbes* suggests that the petition to withdraw should have been granted under those circumstances.

In a similar vein, I do not find that the other factors cited by the trial court compel the denial of appellant's petition to withdraw his guilty plea. The court points out that a date certain was set to allow a medical expert from Pittsburgh to attend. However, as the guilty plea was accepted prior to the start of *voir dire* the expert was never required to travel to Erie and would have experienced no greater hardship had the trial been rescheduled than had appellant gone to trial as originally scheduled. There is no suggestion from the Commonwealth or the trial court that the expert would have been unavailable for a rescheduled trial, or that the expert will be unavailable in the future. Rather the date certain was set as a courtesy to the expert to minimize the inconvenience of travel and ensure the expert's availability on the necessary date. The same procedure would have been, and should still be, available upon a rescheduling of a trial.

J. A31035/97

appellant had been sentenced a reasonable possibility existed that a motion to withdraw would be filed. If appellant's guilty plea had any bearing whatsoever upon the Commonwealth's decision to *nolle prosse* the charges against Perez then the Commonwealth should have waited until appellant was sentenced. If appellant's plea had no bearing on the Commonwealth's decision then it should not be proffered now as justification for denying the motion.

Further, it is not sound policy to allow the Commonwealth to create its own prejudice from a withdrawal of appellant's guilty plea. By quickly *nolle prossing* charges against a potential co-defendant the Commonwealth created the predicament it now claims will unfairly prejudice it, not appellant. Thus, the Commonwealth's decision should not be used to deny appellant a right others similarly situated enjoy.

In summary, the law is clear that an assertion of innocence will ordinarily require the granting of a petition to withdraw guilty plea unless substantial prejudice will result to the Commonwealth if the petition is granted. In my opinion, the factors cited by the trial court to support its denial of the motion simply do not rise to that level. Consequently, I would conclude that it was error to deny the petition.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES STEPHON WILLIAMS, :
        Petitioner :
         : C.A. No. 04-67E
   v. :
         : CASE ASSIGNED TO:
EDWARD J. KLEM, et.al., : HON. MAURICE B. COHILL, JR.,
        Respondents : SENIOR U.S. DISTRICT JUDGE

CERTIFICATE OF SERVICE

   I, Charles Stephon Williams proceeding <u>pro se</u> have serve the following persons per First-Class Mail. Pursuant to 28 U.S.C. section 1746 the information in this document are true and correct to the best of my knowledge.

<u>UNITED STATES FIRST-CLASS MAIL SERVE UPON</u>:

The Honorable Maurice B. Cohill, Jr.
Senior United States District Judge
17 South Park Row, Room B206
Erie, Pennsylvania 16501

John P. Garhart, ESquire
Assistant District Attorney
Erie County Courthouse
140 W.Sixth Street
Erie, Pennsylvania 16501

                                                  Charles Stephon Williams
                                                  DB-4017 F/B
                                                  301 Morea Road
                                                  Frackville, Pennsylvania
DATE: __DEC__, _28_, 2005         17932-0001

December 28, 2005

Clerk's Office
United States District Court
P.O. Box 1820
Erie, PA  16507-0820


Re: <u>WILLIAMS v. KLEM, et.al.,</u> C.A. No. 04-67 E


Dear Sir or Madam,


Please find enclosed the original of this titled pleading "Motion to Amend" to be filed in this office.

As the <u>petitioner</u> in the litigation, I forwarded a copy of the pleading to Senior District Judge for review and decision. If there are any questions or concerns feel free to write to me at the address below.

Respectfully forwarded,

*/s/ Charles Stephon Williams*
Charles Stephon Williams
DB-4017 F/B
301 Morea Road
Frackville, PA
17932-0001



cc: served all parties to this litigation